Hunt v New York State Hous. Fin. Agency (2021 NY Slip Op 02873)





Hunt v New York State Hous. Fin. Agency


2021 NY Slip Op 02873


Decided on May 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 06, 2021

Before: Renwick, J.P., Kapnick, Singh, Kennedy, JJ. 


Index No. 159158/12 Appeal No. 13764 Case No. 2019-05147 

[*1]Stephen J. Hunt, Plaintiff-Appellant,
v
New York State Housing Finance Agency et al., Defendants-Respondents.


Law Offices of David J. Squirrell, P.C., Bedford Hills (David J. Squirrell of counsel), for appellant.
Schoeman Updike Kaufman & Gerber LLP, New York (Steven Gerber of counsel), for respondents.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered October 16, 2019, which granted defendants' motion to dismiss the complaint and denied plaintiff's cross motion for summary judgment, unanimously affirmed, without costs.
The motion court correctly concluded that the 2002 senior officers' incentive plan, which was not subject to approval by defendants' boards of directors and was adopted by the signatures of plaintiff, then CEO and president of defendants, and the respective board chairs, was nullified by the passage of the Public Authorities Accountability Act of 2005 (PAAA). The legislative history shows that the legislature had become concerned about questionable practices of public authorities, including the failure of one public authority's board to ratify or authorize a series of decisions made by its officers, including certain pay raises and a proposed severance package for the former CEO (see e.g. Report of Office of State Comptroller, Public Authorities in New York State: Accelerating Momentum to Achieve Reform, February 2005). The 2002 incentive plan is precisely the type of questionable practice that the 2005 PAAA sought to eradicate.
Plaintiff failed to demonstrate that he relied on the 2002 plan to his detriment and the documents he relies upon do not "utterly contradict" defendants' irrefutable position. The opinion of defendants' counsel on which plaintiff relies was not formally adopted by the agencies. Moreover, none of the four drafts of the separation agreement upon which plaintiff relies used the severance formula set forth in the 2002 incentive plan and while one of the drafts included a reference to the plan, it was removed from the subsequent version.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2021